IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYDIA G. BRESCIA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>  Defendant. | MEMORANDUM DECISION and ORDER<br><br>Case No: 2:06-CV-793 DN<br><br>Magistrate Judge David Nuffer |

Plaintiff Lydia G. Brescia seeks judicial review of the Commissioner's decision denying her application for Disabled Widow's Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[1]  The case was referred to the Magistrate Judge, with the consent of the parties, to conduct all proceedings, pursuant to 28 U.S.C. § 636(c).

The Commissioner has established the following five-step process for determining whether a person is disabled:

(1)     A person who is working is not disabled.  20 C.F.R. § 416.920(b).

(2)     A person who does not have an impairment or combination of impairments severe enough to limit his ability to do basic work activities is not disabled.  20 C.F.R. § 416.920(c).

(3)     A person whose impairment meets or equals one of the impairments listed in the "Listing of Impairments," 20 C.F.R. § 404, subpt. P, app. 1, is conclusively presumed to be disabled.  20 C.F.R. § 416.920(d).

---

[1] 42 U.S.C. §§ 401-433, 1381-83c.

(4)     A person who is able to perform work he has done in the past is
        not disabled.  20 C.F.R. § 416.920(e).

(5)     A person whose impairment precludes performance of past work is
        disabled unless the Secretary demonstrates that the person can
        perform other work available in the national economy.  Factors to
        be considered are age, education, past work experience, and
        residual functional capacity.  20 C.F.R. § 416.920(f).[2]

The ALJ applied this five step evaluation process in determining whether Brescia was

disabled.  At the first step, the ALJ found that Brescia had not engaged in any substantial gainful

activity since her alleged onset date.[3]  At the second step, the ALJ found that Brescia had severe

impairments within the meaning of the regulations: asthma/chronic obstructive pulmonary

disease, and hearing loss.[4]  He found that Brescia's other medically determinable impairments

were not severe enough to qualify under the regulations: disorder of the spine, diabetes mellitus,

personality disorder, vision problems, intermittent uticaria, obesity, and sleep apnea.[5]  The ALJ

also found that Brescia's alleged depression ADHD, Lyme disease, and thoracic outlet syndrome

were not medically determinable impairments.[6]  At step three, the ALJ found that Plaintiff's

impairments did not meet or equal the requirements of the Listings.[7]  At step four, the ALJ found

that Plaintiff retained the residual functional capacity to perform a significant range of light

_____

[2]*Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

[3]R. 22, 28.

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

work.[8]  In making this finding, he found that Plaintiff was not fully credible and that the opinion

of Dr. Gardner was not persuasive because it was unsupported by his progress notes.[9]  The ALJ

also found that Plaintiff had no past relevant work.[10]  At step five, the ALJ, relying on the

opinion of a vocational expert, found that Plaintiff retained the residual functional capacity to

perform a significant number of jobs.[11]  Therefore, the ALJ found Plaintiff was not disabled.[12]

Brescia claims that the Administrative Law Judge (ALJ) erred when: (1) rejecting some

of her claims as frivolous at step two; (2) rejecting the opinion of her doctor and the lay witness;

and (3) failing to identify specific jobs available in significant numbers that she could perform

within her functional limitations.[13]

The court reviews the ALJ's decision to determine whether the factual findings are

supported by substantial evidence and whether the correct legal standards were applied.[14]

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."[15]  The court will "neither reweigh the evidence nor substitute [its]

---

[8]R. 25, 28.

[9]R. 25-26.

[10]R. 26, 28.

[11]R. 26-28.

[12]R. 27-28.

[13]Plaintiff's Memorandum in Support of Reversal or Remand of Commissioner's Administrative Decision (Memorandum) at 11, docket no. 10.

[14]*Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

[15]*Hamlin*, 365 F.3d at 1214 (quoting *Doyal*, 331 F.3d at 760).

discretion for that of the [ALJ]."[16]

Brescia argues that the ALJ failed to provide adequate reasons for rejecting Dr. Gardner's opinion.  The ALJ must evaluate all medical opinions in the record and is required to give controlling weight to the opinion of the treating physician so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record.[17]  The ALJ may discount the treating physician's opinion if it is internally inconsistent or inconsistent with other evidence.[18]

In this case, the ALJ determined that Dr. Gardner's opinions were inconsistent with her own treatment notes and were based solely upon Brescia's subjective complaints, not on clinical or diagnostic medical history.[19]  Consequently, the ALJ permissibly assigned a lower weight to the medically inconsistent and unsupported opinion of Dr. Gardner.

Next, Brescia claims that the ALJ erred at step two when he found that many of her impairments were not severe within the meaning of the Act.  Although Brescia suffers from many impairments, not all of them have resulted in functional limitations that have "lasted or can be expected to last for a continuous period of not less than 12 months."[20]  The functional limitations resulting from the impairment must satisfy this requirement.[21]  Furthermore, the

---

[16] *Id.*

[17] *Hamlin*, 365 F.3d at 1215.

[18] *Pisciotta v. Astrue*, No. 05-3339, 2007 WL 2729046 at *4 (10th Cir. 2007).

[19] R. 26.

[20] 42 U.S.C. § 423 (d)(1)(A).

[21] *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

claimant bears the burden of proof at step two, and must demonstrate that the impairment "significantly limits the claimant's ability to do basic work activity."[22] While the ALJ found that some of Brescia's impairments were severe,[23] he found that she had failed to show that other impairments[24] were severe within the Act because there was no medical evidence that they caused functional limitations to do basic work activities.[25] After a complete review of record, the court concludes that substantial evidence supports the decision of the ALJ at step two.

Lastly, Brescia contends that the ALJ failed at step five to identify specific jobs that she could perform because the hypothetical posed to the vocational expert (VE) failed to include all of her limitations. As noted above, some of the limitations described by Dr. Gardner were properly excluded and therefore, need not be addressed in the hypothetical question to the VE. The ALJ's finding that Brescia retained the capacity to perform a range of light work is further supported by the opinion of an examining physician, Dr. Nakken.[26] When the ALJ asked the VE whether a person of Plaintiff's age, with the same education, work skills, and residual functional capacity could perform any jobs, the VE stated that such a person could perform the light unskilled jobs of medical assembler at approximately 140,000 jobs in the national economy, small parts assembler at approximately 400,000 jobs in the national economy, and laundry folder

---

[22]*Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing 20 C.F.R. § 404.1520(c)).

[23]R. 22-23 (*asthma/chronic obstructive pulmonary disease, and hearing loss found to be severe impairments*).

[24]*Id.* (*disorder of the spine, diabetes mellitus, personality disorder, vision problems, intermittent urticaria, obesity, and sleep apnea found not severe*).

[25]*Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

[26]*Id.*, R. 137.

at approximately 275,000 jobs in the national economy.[27]  The ALJ found that these job numbers

were significant,[28] and therefore he properly relied on the VE's testimony to establish that

Brescia could perform work that existed in significant numbers within the national economy.

Consequently, substantial record evidence supports the ALJ's finding that Brescia was not

disabled because she had the residual functional capacity to perform a significant number light

exertion jobs within her established limitations.

### Conclusion and Order

The court concludes that the ALJ applied the correct legal standards and his decision is

supported by substantial evidence.  Accordingly, the Commissioner's decision is AFFIRMED.


September 27, 2007.


BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[27]R. 390.

[28]*Id.*, R. 27.